UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DYLAN RODRIGUE<br><br>VERSUS<br><br>ALLIED TRUST INSURANCE COMPANY | CIVIL ACTION NO.:<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

## COMPLAINT FOR DAMAGES

Plaintiff, DYLAN RODRIGUE (hereinafter, referred to as "Plaintiff"), through undersigned counsel, respectfully submits this Complaint against Defendant, ALLIED TRUST INSURANCE COMPANY (hereinafter, referred to as "Defendant"), and makes the following allegations of law and fact:

### PARTIES

1.

Plaintiff, DYLAN RODRIGUE, is a person of the full age of majority, resident of and domiciled in the State of Louisiana.

2.

Made Defendant herein is ALLIED TRUST INSURANCE COMPANY, that upon information and belief, is a foreign corporation duly organized, incorporated, and existing under the laws of Texas, with its principal place of business in Tampa, Florida. Defendant is authorized to do and doing business in the State of Louisiana as a foreign insurer. Defendant may be served through its registered agent for service in Louisiana: Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

3.

This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because PLAINTIFF and DEFENDANT are citizens of different states. PLAINTIFF is a citizen of and domiciled in the State of Louisiana. DEFENDANT is a citizen of the State of Texas and Florida, with its principal place of business in Tampa, Florida. Moreover, the amount in controversy exceeds $75,000.00.

4.

This Court has personal jurisdiction over DEFENDANT because DEFENDANT maintains minimum contacts in the State of Louisiana and the causes of action at issue arise out of DEFENDANT's contacts in the State of Louisiana. Moreover, DEFENDANT is licensed to do and doing business in the State of Louisiana.

5.

Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claim(s) stated herein occurred within this district and within the jurisdiction of this Court.

## FACTS

6.

DEFENDANT insured PLAINTIFF' property located at 507 Kenney Street, Houma, Louisiana 70364, hereinafter referred to as **The Property**.

7.

The insurance contract between DEFENDANT and PLAINTIFF is contained in Policy Number 776471, hereinafter referred to as **The Policy**.

8.

PLAINTIFF timely paid all premiums required for **The Policy** to be in full force and effect on the day of the loss in question.

9.

**The Policy** was in full force and effect on August 29, 2021.

10.

**The Policy** required DEFENDANT to pay PLAINTIFF the replacement cost of all wind damage caused to **The Property** by Hurricane Ida.

11.

Hurricane Ida and its aftermath caused damage to **The Property**.

12.

Unfortunately, the bad faith handling of their claim has caused PLAINTIFF to file this lawsuit to force DEFENDANT to abide by **The Policy** and Louisiana law.

13.

In August 2021, Hurricane Ida entered the Gulf of Mexico and began to intensify. By landfall on August 29, 2021, Hurricane Ida was designated a Category 4 hurricane after completing a process known as "rapid intensification".

14.

Hurricane Ida was a deadly and destructive Category 4 Atlantic hurricane that became the second-most damaging and intense hurricane on record to make landfall in the State of Louisiana.

15.

Hurricane Ida made landfall with sustained winds of 150 mph, gusts up to 172 mph, and a minimum central pressure of 929 millibars.

16.

Widely known publicly available information, namely well-established ratings relied upon by the National Oceanic and Atmospheric Administration's National Hurricane Center, describe the expected damage from a Category 4 Hurricane.

17.

DEFENDANT knew well before landfall exactly what type of damage to expect from a storm of this severity:

> Well-built framed homes can sustain severe damage with loss of most of the roof structure and/or some exterior walls. Most trees will be snapped or uprooted and power poles downed. Fallen trees and power poles will isolate residential areas. Power outages will last weeks to possibly months. Most of the area will be uninhabitable for weeks or months. *Saffir-Simpson Hurricane Wind Scale.*

18.

Unfortunately, Hurricane Ida experienced little to no weakening prior to landfall making it the strongest hurricane to affect Southeast Louisiana in recorded history.

19.

Wind damage in the storm's path was catastrophic.

20.

The available data confirmed Hurricane Ida was a catastrophic storm.

21.

DEFENDANT was very aware before the storm made landfall that the aftermath of a storm like Hurricane Ida is often devastating.

22.

Hurricane Ida caused significant damage to **The Property**, including its structure and contents.

23.

DEFENDANT was timely notified of the loss.

24.

PLAINTIFF retained independent professionals to determine the scope and cost of damages caused by Hurricane Ida.

25.

PLAINTIFF submitted proofs of loss totaling $243,389.55.

26.

Moreover, Defendant's inspection constituted satisfactory proof of loss sufficient to provide DEFENDANT with actual knowledge of the scope and extent of the damage to **THE PROPERTY**.

27.

To date, DEFENDANT has paid $28,041.72.

28.

**The Property** suffered damage due to high winds. Much of the damage is/was visible from a simple visual inspection.

29.

Additionally, the professional contractors, adjusters, and/or engineers retained by PLAINTIFF determined that following the general and specific areas of **The Property** require repair and/or replacement due to wind damage (this is not represented as an exhaustive and all-inclusive list):

   a. Roof(s);
   b. Exterior; and

    c. Interior.

30.

DEFENDANT arbitrarily and capriciously denied and/or underpaid PLAINTIFF's claim.

31.

DEFENDANT has violated Louisiana law, specifically, LSA-R.S. 22:1892 and LSA-R.S. 22:1973 in the following ways:

    a. Failed to initiate loss adjustment in a timely and meaningful manner after receiving notice of loss.

    b. Failed to make a written offer to settle within 30 days of receiving satisfactory proof of loss.

    c. Failed to make payment within 30 days of receiving satisfactory proof of loss.

    d. Failed to make payment within 60 days of receiving satisfactory proof of loss.

    e. Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

32.

As a result of DEFENDANT's breach and violation of LSA-R.S. 22:1892 and LSA-R.S. 22:1973, DEFENDANT is liable to PLAINTIFF for:

    a. Breach of contract;

    b. All past, present, and future special (economic) damages suffered by PLAINTIFF as a result of DEFENDANT's breach;

c. All past, present, and future general (non-economic) damages suffered by PLAINTIFF as a result of DEFENDANT's breach, including but not limited to, stress, uncertainty, worry, anxiety, depression, financial distress, mental anguish, frustration, pain, disruption of life, and inconvenience;

d. A penalty of up to two-times the special and general damages suffered by PLAINTIFF as a result of the breach;

e. A penalty of 50% of the amount found to be due at the time of the breach;

f. Bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the property damage and/or Plaintiff(s)' claim, misrepresentation of the terms of the policies, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims and/or underpayment of relevant claims, failure to pay timely for covered damages known to the Defendant or damages the Defendant should have known existed at the time of the original adjustment or inspection etc., leading to various general and or special damages;

g. All cost of repairs and/or replacement of damages to **The Property** due to wind;

h. Cost of diminution of the value of the property;

i. Court costs;

j. Additional cost incurred as the result of DEFENDANT's bad faith conduct.

k. Prejudgment interest at the highest lawful rate from the date of judgment until payment;

l. Legal interest;

m. Attorney fees;

n. Costs;

o. Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

33.

PLAINTIFF requests a Trial by Jury.

WHEREFORE, the premises considered, Plaintiff, DYLAN RODRIGUE, prays that:

I. Defendant, ALLIED TRUST INSURANCE COMPANY, be served with a copy of this Complaint and be duly cited to appear and answer same;

II. After due proceedings had, there be judgment herein in favor of Plaintiff, DYLAN RODRIGUE, and against the Defendant ALLIED TRUST INSURANCE COMPANY, for such sums as may be reasonable under the circumstances of this case, together with legal interest thereon from the date of judicial demand, until paid, and all costs of these proceedings; together with penalties and attorneys' fees as provided by law; and

III. Plaintiff, DYLAN RODRIGUE, be granted all further and different relief as the facts, law, and equity of this case require.

Respectfully submitted by,
**DALY & BLACK, P.C.**
*Attorney for Plaintiff*

*[signature]*

**AARON HURD**
**SBN: 34601**
**DALY & BLACK, P.C.**
**2211 Norfolk St. | Suite 800**
**Houston, TX 77098**
**Ph: 713.655.1405**
**Fax: 713.655.1587**
**Ahurd@dalyblack.com**
**www.dalyblack.com**

**PLEASE SERVE:**

ALLIED TRUST INSURANCE COMPANY
*Through Its Registered Agent for Service:*
LOUISIANA SECRETARY OF STATE
8585 Archives Avenue
Baton Rouge, Louisiana 70809